UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KENNETH L. JOHNSON and for<br>DRAKE T. JOHNSON,<br><br>        Plaintiff,<br><br>v.<br><br>SHANNON M. WIRTH, BOB BACKBERG,<br>JASON OST, KATHLEEN NYGREN,<br>Brainerd Police Officer No. BDP004JL,<br>JANINE LE PAGE, LYNDA K. ERICKSON,<br>JILL M. MCKENZIE, JOHN A. BOLDUC,<br>Dr. DELESENTE, ROD KNOWLES,<br><br>        Defendants. | Civil File No. 05-2084 (PAM/AJB)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

      Plaintiff, an inmate at the Crow Wing County Jail, in Brainerd, Minnesota, commenced this action on September 9, 2005, by filing a self-styled complaint seeking relief for alleged violations of his federal constitutional rights. (Docket No. 1.) He did not pay the $250 filing fee required by 28 U.S.C. § 1914(a), but instead submitted the application to proceed IFP that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA").  This means, <u>inter</u> <u>alia</u>, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $12.60.  However, Plaintiff did not tender his statutorily required initial partial filing fee with his complaint and IFP application.  Therefore, by order dated September 13, 2005, (Docket No. 3), Plaintiff was directed to pay his initial partial filing fee of $12.60 within twenty days.  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due.  In fact, Plaintiff has not communicated with the Court at all since he filed this action.  Therefore, in accordance with the Court's prior order of September 13, 2005, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  <u>See</u> <u>also</u> <u>In re Smith</u>, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); <u>Amick v. Ashlock</u>, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly

and expeditious disposition of cases").

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: October 11, 2005

        s/ Arthur J. Boylan
        ARTHUR J. BOYLAN
        United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 25, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.